IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAY HOWINGTON, as attorney in fact ) | |
| for his daughters, Stephany Howington ) | |
| and Daphne Howington, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No.: 05-658-BH-C |
| ) | |
| SPECTRASITE COMMUNICATIONS, ) | |
| INC.; AT&T COMMUNICATIONS, INC. ) | |
| and CINGULAR WIRELESS PCS, LLC ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on Defendant SpectraSite Communications, Inc.'s (hereinafter, "SpectraSite") Motion (Doc. 5) to Dismiss Counts Two and Three of Plaintiff's Complaint. Defendant Cingular Wireless PCS, LLC (hereinafter, "Cingular") has joined (Doc. 13) and adopted SpectraSite's motion and Plaintiff has filed a Response (Doc. 17) to Defendants' pleadings. Based on these pleadings and the relevant case law cited therein, the Court finds that Defendants' Motion (Doc. 5) is due to be **GRANTED in Part and DENIED in Part**.

**LEGAL ANALYSIS**

In their brief (Doc. 6) supporting their Motion to Dismiss, Defendants submit that counts two and three of Plaintiff's Complaint are due to be dismissed for lack of subject matter jurisdiction. More specifically, they claim that these counts of "invasory" trespass and nuisance stem from a phenomena known as Radio Frequency Interference (hereinafter, "RFI), over which the Federal Communications Commission (hereinafter, "FCC") has exclusive jurisdiction.

As an initial matter, the Court notes that Plaintiff does not contest that count two of his

complaint for invasory trespass is based on alleged damages suffered as a result of RFI. However, Howington does point out that his third claim for nuisance implicates damages sustained both from RFI and from erecting the tower in such a way that has inhibited the use of his well. Therefore, Plaintiff contends, even if the Court deems the FCC to have exclusive jurisdiction over RFI, his nuisance claim should not be entirely dismissed as it includes a non-RFI issue. The Court agrees. Defendants' Motion to Dismiss (Doc. 5), as it relates to Plaintiff's nuisance claim for inhibiting the use of his well, is **hereby DENIED**.

The Court is now faced with determining the propriety of its jurisdiction over the remaining allegations stemming from RFI - a question that has not yet been addressed by our Court of Appeals. Defendants, however, submit the rulings of other circuit courts indicating consistent findings that RFI matters fall within the exclusive jurisdiction of the FCC. *See Freeman v. Burlington Broadcasters, Inc.*, 204 F.3d 311, 320 (2d. Cir. 2000); *Southwestern Bell Wireless Inc. v. Johnson Coutny Bd. Of County Comm'rs*, 199 F.3d 1185, 1193 (10th Cir. 1999); *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 997 (6th Cir. 1994). In rebuttal, Plaintiff cites the Eleventh Circuit's ruling in *Smith v. GTE Corp.*, 236 F.3d 1292, 1312-13 (11th Cir. 2001), as proclaiming that Congress never intended the Federal Communications Act, 47 U.S.C. §151, *et seq*. (hereinafter, "FCA"), to completely preempt state-law causes of action. Though not discussing state claims based on RFI, the Court held that the "savings" clause found at 47 U.S.C. §414 "contemplates the application of state-law and the exercise of state-court jurisdiction to some degree ... ." *Smith*, 236 F.3d at 1313 (citing *BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.*, 182 F.3d 851, 857-58 (11th Cir. 1999)).

Though the FCA does not completely preempt state-law claims concerning *all* of its subject matter, it is clear that when a state-law claim falls within a *field* covered by the FCA, where "the

scheme of federal regulation is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it," then "field preemption" exists. *Freeman*, 204 F.3d at 320 (citing *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). For the various reasons proffered in their decisions, including legislative intent, FCC's regulation of RFI through rulemaking and deference to the FCC's interpretation of the scope of preemption, the Second, Sixth and Tenth Circuit Courts of Appeals have found such pervasive regulation by the FCC in the field of RFI. Furthermore, as the Supreme Court has noted, "the FCC's jurisdiction over technical matters associated with the transmission of radio signals is clearly exclusive." *Broyde*, 13 F.3d at 997 (quoting *Head v. New Mexico Bd. Of Examiners in Optometry*, 374 U.S. 424, 430 n.6 (1963))(internal quotations omitted). This Court concurs with the above cited circuits in holding that RFI falls under the technical domain of the FCC. *See, e.g., Id*. In addition, other state and federal courts have likewise found state-law claims dealing with RFI are preempted by the FCC's exclusive jurisdiction. *Still v. Michaels*, 791 F.Supp. 248, 252 (D.Ariz. 1992) (dismissing nuisance suit claiming interference from radio transmissions because "obstruction[s] to the FCC's ability to regulate radio frequencies are preempted"); *Monfort v. Larson*, 693 N.Y.S.2d 286, 288 (N.Y. App. Div.1999) (holding tort claims preempted and "claims of radio frequency interference must be brought to the FCC ... which has exclusive jurisdiction"); *Fetterman v. Green*, 689 A.2d 289, 294 (Pa. Super. Ct. 1997) (holding Congress preempted state common law claims involving RFI); *Smith v. Calvary Educ. Broad. Network*, 783 S.W.2d 533, 535 (Mo. Ct. App.1990) (upholding dismissal of injunction action as preempted finding "that interference caused by radio transmission is ... a technical matter and that the FCC's control thereof is exclusive"); *Still v. Michaels*, 803 P.2d 124, 125 (Ariz. Ct. App. 1990) (finding exclusive FCC regulation of RFI precludes nuisance action); *Blackburn v. Doubleday Broad. Co.*, 353 N.W.2d 550, 556 (Minn. 1984) (affirming dismissal of

nuisance suit against radio stations because Congress delegated to the FCC exclusive jurisdiction over RFI regulation and preempted the claims). *But cf. Winfield Village Coop. v. Ruiz*, 537 N.E.2d 331, 333 (Ill. 1989) (finding no preemption because the action dealt with a breach of contract claim between landlord and tenant where "dispute [was] private in nature").  In rebuttal to Defendants' submissions, the Plaintiff has not proffered, nor can this Court find, any authority contrary to the position that the FCC has exclusive jurisdiction over state-law nuisance or trespass claims involving RFI.

Therefore, this Court agrees with the rationale supporting the holdings of the Second, Sixth and Tenth Circuits and does not find that they are in conflict with the Eleventh Circuit's decision in *Smith*.  Therefore, the Court finds that Plaintiff's claims implicating the field of RFI fall under the exclusive jurisdiction of the FCC and are **due to be DISMISSED**.[1]  Based on this Court's lack of subject matter jurisdiction over the claims asserting damages from RFI, Defendants' Motion (Doc. 5) to Dismiss Count Two and the portion of Count Three implicating RFI is **due to be and hereby GRANTED**.

**So ORDERED**, this 13th day of February, 2006.

                                                    s/ W. B. Hand
                                        SENIOR DISTRICT JUDGE

---

[1] Though Defendant AT&T Communications, Inc. (hereinafter, "AT&T") has not motioned for dismissal of the claims in question, the issue before us implicates this Court's subject matter jurisdiction which may be addressed *sua sponte*.  *See National Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003).